Ex parte WILLIE O'NEIL.

No. A-7085. Opinion Filed June 28, 1928.
(268 Pac. 734.)

E. A. Bryce and John J. Carney, for petitioner.

Edwin Dabney, Atty. Gen., for the State.

PER CURIAM. Willie O'Neil filed his petition in this court on June 28, 1928, alleging his unlawful imprisonment and restraint of his liberty by John Q. Newell, warden of the state penitentiary, at McAlester,

Okla. Attached to and made a part of the petition is a copy of the death warrant issued by Hon. Lucius Babcock, district judge of Oklahoma county, and properly attested by the clerk of the court.

Petitioner further alleges that, unless a writ of habeas corpus is granted to him, the said John Q. Newell will execute the death warrant on the 29th day of June, 1928. The fifth paragraph in the petition of the petitioner is as follows:

"(5) The petitioner further states that the said judgment and order of the said district court and Hon. Lucius Babcock, judge thereof, are illegal and void, for the reason that there is no law authorizing the said judgment of the said court. That the warden of the state penitentiary of the state of Oklahoma is not empowered, directed, nor commanded to carry into execution the said judgment of the district court by any law of the state of Oklahoma; therefore the judgment and order of the said district court attempting to confer power and authority upon the said warden to kill your petitioner by electrocution is null and void and of no effect."

The petition is duly sworn to, and the only question for this court to determine is the question of the authority of the warden of the penitentiary to carry into execution the judgment and sentence of the trial court, as provided in the above warrant issued by said court and properly certified. In order that we may arrive at a proper construction of the statute, we deem it necessary to trace the history of the legislation. Section 5967 of the Revised Laws of Oklahoma 1910 is as follows:

"When judgment of death is rendered, the judge must sign and deliver to the sheriff of the county, a warrant duly attested by the clerk, under the seal of the court, stating the conviction and judgment, and appointing a day on which the judgment is to be executed,

which must not be less than thirty nor more than sixty days from the time of the judgment."

Section 5984 of the Revised Laws Okla. 1910 provides for the sheriff making his return showing the manner and place of the execution. The Legislature amended section 5984 of the Revised Laws Okla. 1910 by making the punishment of death by electrocution, chapter 113, Session Laws 1913, p. 206.

The amendment made by the Legislature in the 1913 session was brought forward, and is now section 2784 of the Comp. Stat. 1921, said section being as follows:

"When judgment of death is rendered, the judge must sign and deliver to the sheriff of the county a warrant duly attested by the clerk, under the seal of the court, stating the conviction and judgment and appointing a day on which the judgment is to be executed, which must be not less than sixty nor more than ninety days from the time of the judgment and must direct the sheriff to deliver the defendant within ten days from the time of judgment to the Warden of the state prison at McAlester, in this state, for execution."

The petitioner contends that there is no law authorizing the warden of the penitentiary to execute the death warrant in his case. This is the first time the question has been before this court. In the case of Alberty v. State, 10 Okla. Cr. 616, 140 P. 1025, 52 L. R. A. (N. S.) 248, the question was raised as to whether or not the death penalty should be imposed on Alberty by hanging or by electrocution; the law having been amended between the date of the trial and conviction, changing the same from hanging to electrocution. This court, after discussing the question at length, held that the change effected by the law related solely to the penal administration, and that it was within the power

312

of the Legislature to make the law applicable to an offense committed prior to its enactment.

After a careful consideration of the statute, we hold that section 2784, supra, confers upon the warden of the state penitentiary, or his legal assistant or deputy designated by him, legal authority to execute a death warrant.

The writ is denied.